UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| MARK AND KIMBERLY JOHNSON | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 2:20-cv-00265 |
| | § | |
| THE TRAVELERS HOME AND MARINE INSURANCE COMPANY AND JASON CARTER | § | JURY DEMANDED |
| | § | |
| | § | |

**DEFENDANT THE TRAVELERS HOME AND MARINE INSURANCE COMPANY'S NOTICE OF REMOVAL**

Defendant The Travelers Home and Marine Insurance Company ("Travelers") (referred to as "TAVELERS" by virtue of scriveners error in the caption of the Plaintiffs' Original Petition) files this Notice of Removal pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 as follows:

## I. NATURE OF THE SUIT

1. This lawsuit arises from a claim made by Mark and Kimberly Johnson ("Plaintiffs") under a homeowners' insurance policy issued by Travelers to the Plaintiffs. Plaintiffs filed this lawsuit alleging breach of contract, violations of Texas Insurance Code, breach of the Duty of Good Faith and Fair Dealing, and seeks enhanced statutory damages, exemplary damages, and attorney fees.

## II. PROCEDURAL BACKGROUND

2. On July 14, 2020, Plaintiffs filed an Original Petition initiating an action against Travelers in the 76/276th Judicial District Court of Morris County, Texas, bearing Cause No. 26896 ("State Court Action"). **See Exhibit D** (Plaintiffs' Original Petition)**.** A jury demand was made in the State Court Action.

3. Travelers was served with the Original Petition in the State Court Action by in person service on its registered agent on July 15, 2020. **See Exhibit E** (Return of Service on Travelers).

4. Defendant Jason Carter was served in person with the Original Petition in the State Court Action on July 15, 2020. **See Exhibit F** (Return of Service on Jason Carter).

5. Travelers Original Answer and General Denial was filed in the State Court Action on August 6, 2020. **See Exhibit G** (Defendant's Original Answer).

6. This Notice of Removal is timely filed within the 30-day statutory time period for removal under 28 U.S.C. § 1446(b)(1), being filed within 30 days after Defendant's receipt of service of process.[1]

7. This Notice of Removal is also timely filed within one year after commencement of the State Court Action, in compliance with 28 U.S.C. § 1446(c)(1).

## III. Basis for Removal

8. This Court has original diversity jurisdiction under 28 U.S.C. § 1332 over this civil action, and the action may be removed pursuant to 28 U.S.C. § 1441(b), as it is a civil action between citizens of different states, and the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs.

### A. Complete Diversity of Citizenship Exists Between the Properly Joined Parties.

9. **Plaintiffs are Texas citizens**. The Plaintiffs' Original Petition avers that Plaintiffs are individuals residing in Morris County, Texas. *See* **Exhibit D** at ⁋ 1-2.

[1] A removing party need not obtain the consent of a co-defendant that the removing party contends is improperly joined. *See Rico v. Flores*, 481 F.3d 234, 239 (5th Cir. 2007) (citing *Jernigan v. Ashland Oil Inc.*, 989 F.2d 812, 815 (5th Cir.1993) ("In cases involving alleged improper or fraudulent joinder of parties, [requiring the written consent of] improperly or fraudulently joined parties would be nonsensical, as removal in those cases is based on the contention that no other proper defendant exists.")). Nevertheless, Jason Carter consents to the removal of this case.

10. For diversity purposes, an individual is a citizen of the state in which they are domiciled with intent to remain. *Sun Printing & Publishing Ass'n v. Edwards*, 194 U.S. 377, 383 (1904). Further, an averment that the plaintiff is a resident of a state is a sufficient averment of citizenship in that state for the purpose of giving jurisdiction to a federal court. *Id.* at 382. Therefore, the Plaintiffs are citizens of Texas for the purpose of determining diversity jurisdiction.

11. **Travelers is not a Texas Citizen.** The Petition alleges the Travelers is "an insurance company that engaged in the business of insurance in the State of Texas." *See* **Exhibit D** at ⁋ 1-2. In fact, Defendant Travelers Home and Marine Insurance Company is incorporated in the State of Connecticut and maintains its principal place of business in the State of Connecticut.

12. For the purposes of establishing diversity, an incorporated entity is considered a citizen of the state of incorporation and citizen of the state in which it maintains its principal place of business. *See Hertz Corp. v. Friend*, 559 U.S. 77 (2010). Therefore, Travelers is a citizen of the State of Connecticut for the purposes of establishing citizenship under 28 U.S.C. § 1332(c).

13. Thus, complete diversity of citizenship exists among the properly joined Parties in this action as both Plaintiffs are citizens of Texas and Travelers is a citizen of Connecticut.

**B. The Non-Diverse Defendant Jason Carter is Improperly Joined.**

14. The Plaintiffs have improperly joined Jason Carter as a defendant in the State Court Action and Jason Carter's citizenship must be disregarded for the purposes of diversity analysis. *Jernigan v. Ashland Oil Inc.*, 989 F.2d 812, 815 (5th Cir. 1993). Jason Carter is an insurance agent, but he is not the Plaintiffs' insurance agent, he took none of the actions alleged by the Plaintiff, he is not involved in any dealings of Travelers, and had nothing to do with the procurement of the insurance policy at issue in this case. In other words, Jason Carter remains an unrelated third-party in this claim and is improperly joined.

15. The Fifth Circuit recognizes two ways to establish improper joinder: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court. *Smallwood v. Illinois Cent. R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (*citing Travis v. Irby*, 326 F.3d 644, 646-47 (5th Cir. 2003). The case before this Court involves the second prong.

16. A resident defendant has been improperly joined if there is "no possibility" that the plaintiff will be able to establish a cause of action against the defendant in state court. *Griggs v. State Farm Lloyds*, 181 F.3d 694, 699 (5th Cir. 1999). The Fifth Circuit has recognized that "the standard more accurately is described as requiring a showing that there is 'no reasonable basis' for predicting liability on the claims alleged." *See Badon v. RJR Nabisco, Inc.*, 236 F.3d 282, 286 & n.4 (5th Cir. 2000) (applying "arguably a reasonable basis" test); *Griggs*, 181 F.3d at 701 ("[W]e have never held that a particular plaintiff might possibly establish liability by the mere hypothetical possibility that such an action could exist.").

**i. This Court in its discretion should "pierce the pleadings" and consider the affidavit and accompanying evidence presented by Travelers demonstrating Jason Carter is an improperly joined party and unrelated to the Plaintiffs' claims.**

17. When determining if a plaintiff has a reasonable basis of recovery under state law, a court may resolve the issue by conducting a "Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant." *Smallwood*, 385, F.3d at 573. The court in its discretion may also pierce the pleadings and conduct a summary inquiry when it feels a plaintiff has stated a claim but has misstated or omitted discrete facts that would determine the propriety of joinder. *Id*.

18. This case is similar to *Smallwood*, in that the Plaintiffs here have improperly joined an unrelated person as a defendant. In *Smallwood*, the plaintiff joined an in-state doctor defendant

who did not treat the plaintiff and an in-state pharmacist defendant who did not fill a prescription for the plaintiff patient. 385 F.3d at 573. While the jurisdictional facts and claims were correct and properly asserted allegations against the in-state defendants, it was necessary for the Court to pierce the pleadings to determine whether the plaintiff truly had a reasonable possibility of recovery. *Id*; *see Gray v. Beverly Enterprises-Miss., Inc.*, 390 F.3d 400, 405 (5th Cir. 2004) ("the court may 'pierce the pleadings' and consider summary judgment-type evidence to determine whether the plaintiff truly has a reasonable possibility of recovery").

19. While the Plaintiffs' jurisdictional allegations against Jason Carter are correct, their Original Petition omits key evidence demonstrating that Jason Carter is not a proper party in this case. By piercing the pleadings and reviewing the Plaintiffs' Policy Declarations Page and the Affidavit of Jason Carter, this Court would see (1) Jason Carter is not the Plaintiffs' insurance agent, (2) he was never involved in any event giving rise to the Plaintiffs' suit, and (3) is unrelated to any persons or entities that allegedly caused the Plaintiffs' damages.

20. This Court's inquiry into the discrete facts could be made on a tight judicial tether, sharply tailored to the question at hand, because piercing the pleadings here would only require a review of the Declarations Page for the insurance policy at issue and the Affidavit of Jason Carter. *Guillory v. PPG Industries, Inc.*, 434 F.3d 303, 311 (5th Cir. 2005). No further inquiry by the Court will be necessary to demonstrate that Jason Carter is improperly joined. However, review of this evidence is necessary, because on the face of the Plaintiffs' pleadings there is no indication that Jason Carter is an improperly joined party. *Smallwood*, 385 F.3d at 574.

21. Piercing the pleadings to review the attached evidence is appropriate in this case, such as it was in *Smallwood*, as the discrete facts plainly demonstrate improper joinder. Doing so

in this case will not disrupt discovery to an impermissible degree and will spare an improperly joined and unrelated third-party from any further unnecessary litigation.

**ii. The Affidavit of Jason Carter demonstrates that he is an unrelated person and mistakenly joined by the Plaintiffs in this case.**

22. Jason Carter is the President of Carter Insurance & Financial Services and J. E. Carter Consulting. According to his sworn affidavit, he states "[I] thoroughly reviewed and checked my office records and records showing my book of business and [I] have no record of any communications or service rendered on behalf of either of the Plaintiffs." *See* **Exhibit H** at ⁋ 5. Further, Jason Carter states unequivocally and without reservation that neither he or his companies performed "any services relating to insurance or otherwise for the Plaintiffs" and "I am not appointed by or affiliated with SelectQuote in any way…I do not write or otherwise place policies involving Travelers' insurance entities…I have never spoken with Mark or Kimberly Johnson." *See* **Exhibit H** at ⁋ 6.

23. The Plaintiffs' insurance policy, Policy No. 602378530-633-1, subject to all terms, conditions, and exclusions contained therein and any endorsements attached thereto, contained a Declarations Page identifying SelectQuote Auto & Home Insurance Services as the insurance agent. *See* **Exhibit I** at 1 (Policy Declaration Page). Jason Carter is not affiliated with SelectQuote in any capacity. *See* **Exhibit D** at ⁋ 4; **Exhibit H** at ⁋ 5.

**iii. There is no reasonable possibility that the Plaintiffs can litigate their claims against Jason Carter.**

24. The Plaintiffs allege that Jason Carter made misrepresentations to the Plaintiffs, failed to notify the Plaintiffs of coverage cancelation, and that Jason Carter's actions violated the Texas Deceptive Trade Practices Act. The Plaintiffs claim Jason Carter breached his duty to the Plaintiffs by failing to exercise reasonable care and by violating the standard of care for insurance

agents. *See* **Exhibit D** at ⁋ 19-32. Further, Plaintiffs allege Jason Carter's "failures include one or more of the following acts or omissions: (a) Negligently failing to properly obtain insurance coverage…(c) Negligently failing to follow up with Liberty [sic] to confirm that coverage was obtained…and (e) Negligent misrepresentation to Plaintiff that it had insurance coverage for all property…."[2] *See* **Exhibit D** at ⁋ 24.

25. Based upon its information and belief, the allegations in the Plaintiffs' Original Petition, and the Affidavit of Jason Carter, Travelers can state that Jason Carter had no involvement in any of the acts or omission alleged in the Plaintiffs' Original Petition. *See* **Exhibit H** at ⁋ 5-6 (Affidavit of Jason Carter). The Plaintiffs must prove every allegation made against Jason Carter, which includes proving that the acts or omissions of Jason Carter are the direct or proximate cause of the Plaintiffs' damages. Therefore, the Plaintiffs have no possible means of demonstrating responsibility by a preponderance of the evidence and no possible means to recover against Jason Carter. Indeed, the Plaintiffs have improperly joined an unrelated, non-diverse party, and the Plaintiffs have no basis to recover against Jason Carter for any damages arising from their claims.

26. The Plaintiffs likely intended to join the Plaintiffs' own insurance agent in their suit; however, the Jason Carter named in their Original Petition is not their insurance agent. While Travelers does not concede that the Plaintiffs' claims would support joinder for the even the correct insurance agent, the present issue here is one of identity.[3] The Plaintiffs cannot expect to recover

[2] Plaintiffs alleges that Jason Carter failed to follow up with "Liberty" to confirm that coverage was obtained. Travelers believes the Plaintiffs intended to refer to Travelers in their Original Complaint here. Nevertheless, Jason Carter has no affiliation with the Plaintiffs and does not write or otherwise place policies on behalf of Travelers or its entities. *See* **Exhibit H** at ⁋ 6.

[3] "It is well settled that the right to recover for injuries from negligence must be based on the breach of a duty and, in the absence of a duty, there can be no negligence." *Sledge v. Mullin*, 927 S.W.2d 89, 93 (Tex. App. – Fort Worth 1996). However, the Texas Supreme Court has held that that an insurance agent has no general duty to obtain coverage nor to make sure the coverage obtained for an insured is adequate, because if they did, "agents would be rendered 'blanket insurers.'" *May*¸ 844 S.W.2d at 669-72. Texas law recognizes that an insurance agent has a duty: "(1) to use reasonable diligence in attempting to place the requested insurance; and (2) to inform the client promptly if unable to do so." *Moore v. Whitney-Vaky Ins. Ag.*, 966 S.W.2d 690, 691 (Tex. App. – San Antonio 1998) (citing *May v. United*

from a person who owed them no duty, performed no services for them, and was unaware of their existence until he was served with process.

27. A review of the discrete evidence presented demonstrates that there are no facts to support the Plaintiffs' claims against Jason Carter and there is no reasonable possibility that Plaintiffs can prevail against Jason Carter. Therefore, this Court should dismiss Jason Carter as improperly joined and ignore Jason Carter's citizenship for the purpose of establishing diversity jurisdiction under 28 U.S.C. §1332.

**C. The Amount in Controversy Requirement is Satisfied**

28. The party seeking federal jurisdiction must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000.00. *Grant v. Chevron Phillips Chem. Co. L.P.*, 309 F.3d 864, 868 (5th Cir. 2002). The removing party may satisfy its burden by either (1) demonstrating that it is "facially apparent" from the petition that the claim likely exceeds $75,000.00, or (2) "by setting forth the facts in controversy – preferably in the removal petition, but sometimes by affidavit – that support a finding of the requisite amount." *Allen v R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995).

29. Here, the Plaintiffs' Original Petition states, the Plaintiffs are seeking "monetary relief more than $200,000 but no more than $1,000,000." *See* **Exhibit D** at ⁋ 6. This range exceeds $75,000.00 and satisfies the amount in controversy requirement.

**D. Other Matters**

---

*Servers Ass'n of America*¸ 844 S.W.2d 666, 669 (Tex. 1992)). Further, Texas courts have routinely held that general "failure to procure coverage" allegations are insufficient to state a claim for negligence against an insurance agent. *See, e.g., May*¸ 844 S.W.2d at 669; *Moore*, 966 S.W.2d at 692-93 (holding that an insured did not state a negligence claim against its agent when the insured was never "led wrongly to believe that [his] policy provided protection against a particular risk that was in fact excluded from the policy's coverage"); *Sledge*, 927 S.W.2d at 93; *Choucroun v. Sol L. Wisenberg Ins. Agency – Life & Health Div. d/b/a Wisenberg Ins.*, 2004 WL 2823147, at *4-6 (Tex. App. – Houston [1st Dist.] 2004) (finding that insurance agent had no duty to inform the insured that damages to the contents of the insured's building caused by rain were not covered unless a covered loss led to the damage of the building).

30. Removal to the Eastern District of Texas, Marshall Division is proper because the State Court Action is pending in Morris County, Texas, which is part of the Eastern District.

31. In compliance with 28 U.S.C. § 1446(a) and Local Rule 81, Defendant has filed with this Notice of Removal (i) all executed process, (ii) all pleadings asserting causes of action, (iii) all orders signed by the state court judge, (iv) the state court docket sheet, (v) an index of matters being filed, and (vi) a list of counsel of record and the parties represented. **See attached Exhibits A-I.** In compliance with Local Rule CV-81(c), which requires that only the listed documents be attached, Defendant has not attached any other documents to this Notice of Removal. Defendant will separately file any Corporate Disclosure which may be required in compliance with FED. R. CIV. P. 7.1.

32. In compliance with 28 U.S.C. § 1446(d), Defendant hereby certifies that it will promptly notify the clerk of the court in the State Court Action and all adverse parties of this removal.

## IV. CONCLUSION AND PRAYER

33. The basis for this removal and this Court's jurisdiction is diversity of citizenship under 28 U.S.C. §1332 because Jason Carter is improperly joined, the Plaintiffs are citizens of Texas and Travelers is a citizen of Connecticut. For the reasons stated in this Notice, the parties are completely diverse, and the Court may exercise diversity jurisdiction over this lawsuit. The amount in controversy, based on the face of the Plaintiff's Original Petition, exceeds $75,000.00, exclusive of interest and costs. As such, this Court has subject matter jurisdiction over this action and this removal is proper under 28 U.S.C. § 1441. On these grounds, Defendant hereby removes the referenced State Court Action to this Court.

34. Defendant demands a jury in this removed action.

35. THEREFORE, Defendant The Travelers Home and Marine Insurance Company respectfully requests that the above-entitled action be removed from the 76/276th Judicial District Court, Morris County, Texas to the United States District Court for the Eastern District of Texas, Marshall Division.

Respectfully submitted,

MARTIN, DISIERE, JEFFERSON & WISDOM, L.L.P.

By: */s/Melinda R. Burke*_____________________

**Melinda R. Burke**
State Bar No. 03403030
Email: burke@mdjwlaw.com
9111 Cypress Waters Blvd., Suite 250
Dallas, Texas 75019
Telephone: (214) 420-5500
Facsimile: (214) 420-5501

**Daniel P. Pellegrin, Jr**.
State Bar No. 24100387
Email: pellegrin@mdjwlaw.com
808 Travis Street, Suite 1100
Houston, Texas 77002
Telephone: (713) 632-1700
Facsimile: (713) 222-0101

**ATTORNEYS FOR THE TRAVELERS HOME AND MARINE INSURANCE COMPANY**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing document has been forwarded to opposing counsel in accordance with the Federal Rules of Civil Procedure on August 13, 2020.

Andrew A. Woellner
Michael Barcus
The Potts Law Firm, LLP
3737 Buffalo Speedway, Suite 1900
Houston, Texas 77098

*/s/Melinda R. Burke*_________
Melinda R. Burke