Filed 7/10/2020 6:04 PM
Gwen Ashworth
District Clerk
Morris County, Texas
By: Londa Clark
Deputy

CAUSE NO. 26896

| | | |
|---|---|---|
| **MARK AND KIMBERLY JOHNSON** *Plaintiffs,* | § | **IN THE DISTRICT COURT OF** |
| | § | |
| | § | |
| **vs.** | § | |
| | § | |
| **THE TAVELERS HOME AND MARINE INSURANCE COMPANY AND JASON CARTER** *Defendants.* | § § § § § | **MORRIS COUNTY, TEXAS** |
| | § | **_______ JUDICIAL DISTRICT** |

# PLAINTIFFS' ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW, Mark and Kimberly Johnson, Plaintiffs (hereinafter referred to as "Plaintiffs"), and file their Original Petition against Defendants, The Travelers Home and Insurance Company ("Travelers") and Jason Carter ("Carter") (to whom will be collectively referred to as "Defendants"), and respectfully would show this court as follows:

## PARTIES

1. Plaintiff, Mark Johnson, is an individual residing in and/or owning property in Morris County, Texas.

2. Plaintiff, Kimberly Johnson, is an individual residing in and/or owning property in Morris County, Texas.

3. Defendant, Travelers, is an insurance company that engaged in the business of insurance in the State of Texas at all times material to this action. This defendant may be served by serving its Registered Agent for service of process: Corporation Service Company, 211 East 7th Street, Suite 620, Austin, Texas 78701-3218, via process server.



EXHIBIT
D

4. Defendant, Jason Carter, is an individual residing in and domiciled in the State of Texas. This defendant may be served via process server at 3702 Texas Boulevard, Texarkana, Texas 75503.

**DISCOVERY LEVEL**

5. Plaintiffs intend for discovery to be conducted under Level 2 of Rule 190 of the Texas Rules of Civil Procedure.

**JURISDICTION**

6. The Court has jurisdiction over this controversy because the damages are within the jurisdictional limits of this court. Plaintiffs are seeking monetary relief more than $200,000 but no more than $1,000,000. Plaintiffs reserve the right to amend this petition during and/or after the discovery process.

7. The Court has jurisdiction over Defendant, Travelers, because this defendant engaged in the business of insurance in the State of Texas, and Plaintiffs' causes of action arise out of Travelers' business activities in the State of Texas.

8. The Court has jurisdiction over Defendant, Carter, because this defendant engaged in the business of selling insurance policies in the State of Texas, and Plaintiffs' causes of action arise out of this Defendant's business activities in the State of Texas.

**VENUE**

9. Venue is proper in Morris County, Texas, because the insured property is situated in Morris County, Texas. TEX. CIV. PRAC. & REM. CODE § 15.032.

**FACTS**

10. Plaintiffs' are the owners of a property insurance policy number 602378530 633 1 ("the Policy") issued by Travelers.

11. Plaintiffs' insured property is located at 4196 County Road 4207, Naples, Morris County, Texas (hereinafter referred to as "the Property"). Jason Carter sold the Policy insuring the Property to Plaintiff.

12. In April 2018, a severe fire struck Plaintiffs' property, an occurrence covered by the Policy. The fire damaged the Property which consequently spread soot heavily throughout the home. The fire caused toxins and particulates to penetrate the home, damaging HVAC ducts and systems. The damage sustained by the property made the home uninhabitable for Plaintiffs.

13. Plaintiffs subsequently submitted a claim to Travelers for the damage the Property sustained as a result of the fire. Plaintiffs requested that Travelers cover the cost of repairs pursuant to the Policy.

14. On October 24, 2018 Travelers notified Plaintiffs of the cancellation of their Policy which conveniently became effective April 25, 2018.

15. The October 24, 2018 Cancellation Evidence was the first notice of cancellation Plaintiffs received.

16. In the months between April 25, 2018, the date cancellation became effective, and October 24, 2018, the first notice of cancellation, Travelers accepted premium payments for six months. Travelers again accepted payment by Plaintiffs on October 25, 2018.

17. Defendants failed to notify Plaintiffs of cancellation and Plaintiffs have suffered damages.

## CAUSES OF ACTION

18. Each of the foregoing paragraphs is incorporated by reference in the following:

**I. Causes of Action Against Carter**

**A. <u>Breach of the Texas Insurance Code</u>**

19. Plaintiff incorporates and realleges the preceding paragraphs as if fully set forth herein.

20. Defendant Carter violated Tex. Ins. Code § 541.060(1), (2), and (3) by failing to state a material fact that is necessary to make prior statements not misleading, considering the circumstances under which the statements were made, and by making a statement in such a manner as to mislead a reasonably prudent person to a false conclusion of a material fact.

**B. <u>Negligence</u>**

21. Plaintiffs incorporate and realleges the preceding paragraphs as if fully set forth herein.

22. As described above, Defendant knowingly and/or recklessly and/or negligently caused damage to Plaintiffs by his failure to properly notify Plaintiffs of coverage cancelation. Leading Plaintiffs to believe they were covered in the event of a fire.

23. As a result of Defendant's negligence, Plaintiffs have allegedly not been covered by Defendant Travelers despite paying premiums.

24. Pleading further, the improper representation by the Defendant violated the standard of care for insurance agents. Those failures include one or more of the following acts or omissions:

a. Negligently failing to properly obtain insurance coverage;
b. Negligently failing to properly inform the Plaintiff that no coverage was acquired;
c. Negligently failing to follow up with Liberty to confirm that coverage was obtained;

d. Negligently failing to acquire the necessary documentation showing that coverage was obtained on behalf of Plaintiff; and

e. Negligent misrepresentation to Plaintiff that it had insurance coverage for all Property;

25. The acts or omissions of Defendant constitute negligence, and these negligent acts and/or omissions were a proximate cause of the injuries and damages sustained by the Plaintiffs.

**C. <u>Negligent Misrepresentation</u>**

26. Plaintiffs incorporate and reallege the preceding paragraphs as if fully set forth herein.

27. Plaintiffs would show that Defendant supplied false information in the course of its business, profession or employment, or in the course of a tarnation in which Defendant had a pecuniary interest, and that such information was supplied for the guidance of Plaintiffs in the transaction described herein.

28. Defendant failed to exercise reasonable care or competence in obtaining or communicating such information. Plaintiffs suffered pecuniary loss, described herein, which was proximately caused by Plaintiffs' justifiable reliance on Defendant.

**D. Violation of the Texas Deceptive Trade Practices Act**

29. Plaintiffs incorporate and reallege the preceding paragraphs as if fully set forth herein.

30. Plaintiffs are consumers under the Texas Deceptive Trade Practices Act ("DTPA") and sought the services of Jason Carter. Instead of providing those services, Carter violated the DTPA by engaging in false, misleading, or deceptive acts that the Plaintiffs relied on to its detriment. Specifically, Carter:

a. Caused confusion and misunderstanding as to the source, sponsorship, approval or certification of goods or services they provided;

b. Represented that their goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or qualities that they do not have;

c. Represented that the goods or services are of a particular standard, quality, or grade, or that the goods are of a particular style or model, if they are of another;

d. Represented that an agreement conferred or involved rights or remedies, or obligations which it did not have;

e. Failed to disclose accurate information concerning goods or services that was known at the time, and such information was intended to induce Plaintiffs into a transaction to which Plaintiffs would not have entered had the information been disclosed.

31. Defendant's representations, including those described in this petition, were false, misleading, and deceptive in that Defendant reparented to Plaintiffs that the Defendant had obtained insurance coverage for Plaintiffs that would cover Plaintiffs' property in the event of a fire.

32. Defendant's conduct as described herein was a producing cause of the Plaintiffs' economic damages. As a result of Defendant's conduct, Plaintiffs have suffered economic damages within the jurisdictional limits of this court.

**II. Causes of Action Against Travelers**

33. Travelers intentionally breached its contract with Plaintiffs, intentionally violated the Texas Insurance Code and intentionally breached the common law duty of good faith and fair dealing.

**A. Breach of Contract**

34. Travelers breached the contract of insurance it had with Plaintiffs. Travelers breached the contract by its failure/and or refusal to adequately pay the claim as it is obligated to do under the terms of the Policy in question and under the laws in the State of Texas.

**B. Noncompliance with Texas Insurance Code: Unfair Settlement Practices**

35. Defendant Travelers' conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE § 541.060(a). All violations under this article were made actionable by TEX. INS. CODE § 541.151.

36. Defendant Travelers' unfair settlement practice, as described above, of misrepresenting to Plaintiffs material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE § 5410.060(a)(1).

37. Defendant Travelers' unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though Travelers' liability under the Policy was reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE § 541.060(a)(2)(A).

38. Defendant Travelers' unfair settlement practice, as described above, of failing to promptly provide Plaintiffs with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for its offer of a compromise settlement of the claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE § 541.060(a)(3).

39. Defendant Travelers' unfair settlement practices, as described above, of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiffs, or to submit a reservation of rights to Plaintiffs, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE § 541.060(a)(4).

40. Defendant Travelers' unfair settlement practice, as described above, of refusing to pay Plaintiffs' claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE § 541.060(a)(7).

**C. Noncompliance with Texas Insurance Code: Prompt Payment of Claims Statute**

41. Plaintiffs are entitled to interest and attorney fees under TEX. INS. CODE §542.060 for violating the Texas Insurance Code, Prompt Payment of claims TEX. INS. CODE §542.051 *et. seq*.

42. Travelers failed to acknowledge receipt of Plaintiffs' claim, commence investigation of the claim, and request from Plaintiffs all items, statements, and forms that it reasonably believed would be required within the applicable time constraints under TEX. INS. CODE §542.055.

43. Travelers failed to notify Plaintiffs in writing of its acceptance or rejection of the claim within applicable time constraints under TEX. INS. CODE §542.056.

44. Travelers delayed the payment of Plaintiffs' claim following its receipt of all items, statements, and forms reasonably requested and required, longer than the amount of time provided for under TEX. INS. CODE §542.058.

**D. Breach of the Duty of Good Faith and Fair Dealing**

45. Travelers breached the duty of good faith and fair dealing by failing to adequately and reasonably investigate and evaluate Plaintiffss' claim while it knew or should have known, by the exercise of reasonable diligence, that its liability was reasonably clear.

**E. Knowledge**

46. Each of the acts described above, together and singularly, was done “knowingly” as that term is used in the Texas Insurance Code.

**RULE 193.7 NOTICE**

47. Pursuant to Rule 193.7 of the Texas Rules of Civil Procedure, Plaintiffs herby give actual notice to Defendants that any and all documents and materials produced in response to written discovery or at a deposition may be used as evidence in this case; and, that any such materials may be used as evidence against the party producing the document at any pretrial proceeding and/or at the trial of this matter without the necessity of authenticating the document and/or materials produced in discovery.

**DAMAGES**

48. Plaintiffs would show that all of the aforementioned acts, taken together or singularly, constitute the producing causes of the damages sustained by Plaintiffs.

49. The damages caused by fire and/or water have not been properly addressed or repaired in the months since the date of loss, causing further damages to the Property, and causing undue hardship and burden to Plaintiffs. These damages are a direct result of Defendants’ mishandling of Plaintiffs’ claim in violation of the laws set forth above.

50. For breach of contract, Plaintiffs are entitled to regain the benefit of his bargain, which is the amount of his claim, together with attorney’s fees.

51. For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Deceptive Trade Practices Act, Plaintiffs are entitled to actual damages, which include the loss of the benefits that should have been paid pursuant to the Policy, court costs, and attorney’s fees. For

knowing conduct of the acts described above, Plaintiffs ask for three times their actual damages. TEX. INS. CODE § 541.152.

52. For noncompliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiffs are entitled to the amount of the claim, as well as interest per annum on the amount of such claim as damages, together with attorney's fees. TEX. INS. CODE § 542.060.

53. For breach of the common law duty of good faith and fair dealing, Plaintiffs are entitled to compensatory damages, including all forms of loss resulting from the insurer's breach of duty, such as additional costs, economic hardship, losses due to nonpayment of the amount the insurer owed, exemplary damages and damages for emotional stress.

54. For the prosecution and collection of this claim, Plaintiffs have been compelled to engage the services of the attorneys whose names are subscribed to this pleading. Therefore, Plaintiffs are entitled to recover a sum for the reasonable and necessary services of Plaintiffs' attorney in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas

**JURY DEMAND**

55. Plaintiffs hereby demand a trial by jury and tender the appropriate fee.

**REQUEST FOR DISCLOSURE**

56. Pursuant to Texas Rules of Civil Procedure 194, Plaintiffs request that Defendant disclose, within 50 days of service of this request, the information or materials described in Texas Rule of Civil Procedure 194.2(a)-(l).

**PRAYER**

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that this Court cite Defendants to appear and answer herein and that Plaintiffs have judgment taken against Defendants and recover from Defendants all damages allowed by law, and that Plaintiffs be awarded attorneys' fees for trial and any appeal of this case, for pre-judgment and post judgment interest as allowed by law, costs of court, and such other and further relief, both general and special, at law or in equity, to which Plaintiffs are justly entitled.

Respectfully submitted,

**THE POTTS LAW FIRM, LLP**

By: */s/ Andrew A. Woellner*

**Andrew A. Woellner**
SBN: 24060850
**Michael Barcus**
SBN: 24097339
3737 Buffalo Speedway, Suite 1900
Houston, Texas 77098
Telephone (713) 963-8881
Facsimile (713) 574-2938
Emails: awoellner@potts-law.com
mbarcus@potts-law.com

**ATTORNEYS FOR PLAINTIFFS**